**FARGO FREIGHT TRUCKING, INC.,**
Appellant,

v.

**NORTH DAKOTA PUBLIC SERVICE COMMISSION, Midwest Motor Express, Inc., Hansen Transfer, E. O. Kavli, M. & R. Transfer, Fritz Truck Line, and Erickson Trucking Service, Respondents.**

No. 8128.

Supreme Court of North Dakota.

July 9, 1964.

Wheeler, Daner & Glaser, Bismarck, for the appellant.

Fleck, Smith, Mather & Strutz, Bismarck, for respondent Midwest Motor Express, Inc.

John C. Stewart, Commerce Counsel, Bismarck, for respondent North Dakota Public Service Commission.

Gene P. Johnson, Fargo, for Van Osdel & Foss, attorneys for respondents Fritz Truck Line and Hansen Transfer.

ERICKSTAD, Judge.

This is an appeal from a judgment of the District Court of Cass County dated December 14, 1962, sustaining the order of the Public Service Commission dated January 30, 1961, revoking and cancelling Special Certificate No. 235 of the appellant, Fargo Freight Trucking, Inc.

The order of the Public Service Commission resulted from a hearing before the Commission on the complaint of Midwest Motor Express, Inc. and Buckingham Freight Lines, Inc. dated March 8, 1960, alleging, among other things, that both petitioners were authorized to transport general commodities between points located within the State of North Dakota; that Fargo Freight Trucking, Inc. held Special Certificate No. 235 issued by the North Dakota Public Service Commission, which authorized the transportation of various commodities from Walcott and Fargo and points within fifteen miles thereof to any point in the State of North Dakota and from any point in the State of North Dakota to Walcott and Fargo and points in North Dakota within fifteen miles thereof; that Fargo Freight Trucking, Inc. ceased to do business on or about January 1, 1960, and that thereafter it rendered none of the services authorized by the special certificate, and thus that its right to own and hold the special certificate had lapsed; and that control of Fargo Freight Trucking, Inc. had been acquired by another carrier, Hart Motor Ex-

press, Inc. of St. Paul, Minnesota, without prior approval of the Public Service Commission, in violation of Sections 49–0405 and 49–0406 of the North Dakota Revised Code of 1943.

The Public Service Commission made findings of fact to the effect that Hart Motor Express, Inc. entered into an agreement with the principal stockholder of Fargo Freight Trucking, Inc. on November 28, 1959, whereby the former was to purchase the stock of the latter; that on December 11, 1959, Hart Motor Express, Inc. and Fargo Freight Trucking, Inc. entered into a "lease agreement," which in substance provided that Fargo Freight Trucking, Inc. would lease all of its rights and properties to Hart Motor Express, Inc., and that Hart Motor Express, Inc. would take over the management and control of Fargo Freight Trucking, Inc. in consideration of a "rental payment" of $100.00 per month, to be paid by Hart Motor Express, Inc. to Fargo Freight Trucking, Inc., with any other gains or losses from the operation of Fargo Freight Trucking, Inc. accruing to Hart Motor Express, Inc. and with rental payments being deducted from the purchase price as set forth in the stock purchase agreement; that approval of the "lease agreement" was not sought from the Public Service Commission; that after the execution of the "lease agreement," which continued in force until June, 1960, Fargo Freight Trucking, Inc. no longer maintained any terminal or office space, maintained no trucks in Fargo (which previously had been its main base of operations), and had no employees, with the exception of a woman who answered the telephone in the name of Fargo Freight Trucking, Inc.; that the telephone was located in the offices of Hart Motor Express, Inc. and the woman who answered it was under the supervision of said company's employees; that shipments were accepted in the name of Fargo Freight Trucking, Inc. but were picked up and delivered by employees of Hart Motor Express, Inc. on its trucks; that freight bills for such shipments were issued in the name of Fargo Freight Trucking, Inc. but carried the notation "Hart Motor Express— Manager and Lessee"; and that the parties to the lease had not determined how the revenue from such shipments was to be divided.

From the aforesaid findings of fact, the Public Service Commission concluded:

"1. The respondent's 'lease agreement' with Hart was unauthorized by an order of the Commission and, therefore, was in contravention of Section 49–04–05, North Dakota Century Code.

"2. The respondent contravened Section 49–18–17, NDCC, by ceasing the conduct of business as a common motor carrier without acquiring an appropriate order from the Commission.

"3. Good cause has been shown to warrant revocation and cancellation of Special Certificate No. 235."

In considering this appeal the following sections of our Administrative Agencies Practice Act apply:

"28–32–19. Scope of and procedure on appeal from determination of administrative agency.—The court shall try and hear an appeal from the determination of an administrative agency without a jury and the evidence considered by the court shall be confined to the record filed with the court. If additional testimony is taken by the administrative agency or if additional findings of fact, conclusions of law, or a new decision shall be filed pursuant to section 28–32–18, such evidence, findings, conclusions, and decision shall constitute a part of the record filed with the court. After such hearing, the court shall affirm the decision of the agency unless it shall find that such decision or determination is not in accordance with law, or that it is in vio-

lation of the constitutional rights of the appellant, or that any of the provisions of this chapter have not been complied with in the proceedings before the agency, or that the rules or procedure of the agency have not afforded the appellant a fair hearing, or that the findings of fact made by the agency are not supported by the evidence, or that the conclusions and decision of the agency are not supported by its findings of fact. If the decision of the agency is not affirmed by the court, it shall be modified or reversed, and the case shall be remanded to the agency for disposition in accordance with the decision of the court." North Dakota Century Code.

"28-32-21. Review in supreme court.—The judgment of the district court in an appeal from a decision of an administrative agency may be reviewed in the supreme court on appeal in the same manner as any case tried to the court without a jury may be reviewed, except that the appeal to the supreme court must be taken within three months after the service of the notice of entry of judgment in the district court." North Dakota Century Code.

Appellant's arguments supporting the many specifications of error may be summarized as follows: first, that the findings of fact do not support the Public Service Commission's conclusion that Fargo Freight Trucking, Inc. abandoned or discontinued service or business contrary to Section 49-18-17 of the North Dakota Century Code; second, that it is immaterial that Hart Motor Express, Inc. leased or acquired control of Fargo Freight Trucking, Inc. without prior approval of the Public Service Commission in violation of Section 49-04-05 of the North Dakota Century Code, since it subsequently obtained the approval of the Commission to purchase all the stock of said company; and third, that the only reason authority was given the Public Service Commission to regulate transfers of utility property and to prevent discontinuance of utility services was to foster efficient and convenient public service and that there was no showing that public service had been interrupted or that the public interest had been adversely affected by the activities of Fargo Freight Trucking, Inc. or Hart Motor Express, Inc.

In considering the first contention, Section 49-18-17 of the North Dakota Century Code is relevant:

"49-18-17. Discontinuance of service by common motor carrier—Only by order of commission.—No common motor carrier authorized by this chapter to operate shall abandon or discontinue any service established under the provisions thereof without an order of the commission." North Dakota Century Code.

In the case of In re Superior Service Company, N.D., 94 N.W.2d 84, this court found that a motor carrier had ceased operation and abandoned its certificate contrary to Section 49-1817 of the North Dakota Revised Code of 1943 and that this constituted good cause, under the provisions of Section 49-1816 of the North Dakota Revised Code of 1943, for the revocation of its certificate.

Said statute, with a slight amendment, is now contained in Section 49-18-16 of the North Dakota Century Code and reads as follows:

"49-18-16. Certificate—Temporary permit — Amending — Revoking — Suspending.—The commission, at any time, for good cause, may suspend and, upon not less than five days' notice to the grantee of any certificate or temporary permit, and on opportunity to be heard, may revoke or amend any certificate or temporary permit." North Dakota Century Code.

The appellant contends that this case may be distinguished from the Superior Service case, supra, in that in the Superior Service case there was an actual cessation of public service, whereas in the instant case there

was no cessation of public service and thus no abandonment or discontinuance of public service. A review of the facts in light of this contention, however, discloses that the only part that Fargo Freight Trucking, Inc. had in the rendition of this service was that its freight bills were used and that it supplied a telephone operator at the offices of Hart Motor Express, Inc. for part of the day to receive orders. The record does not clearly disclose who actually paid this operator for services rendered. This was public service in name only and cannot be said to have been compliance in substance with the statute.

■ We believe that this statute requires, not only that the public be served, but that it be served by the certificate holder. Such construction of the statute is essential if proper and reasonable supervision and control of common carriers for the public good is to be attained. This construction is consistent with Sections 49-04-05 and 49-04-06 of the North Dakota Century Code, which require that consent of the Commission be obtained before a public utility be sold, assigned, leased, transferred, mortgaged, or otherwise disposed of or encumbered and before any public utility, directly or indirectly, acquire stock or business of any other public utility.

"49-04-05. Consent of commission required to dispose of franchises, works, or systems.—No public utility shall sell, assign, lease, transfer, mortgage, or otherwise dispose of or encumber the whole or any part of its franchise, works, or system, necessary or useful in the performance of its duties to the public, nor, at any time, directly or indirectly merge or consolidate such works, system, franchise, or any part thereof with any other person, corporation, or public utility, without first having secured from the commission an order authorizing it to do so. No such sale, assignment, lease, transfer, mortgage, disposition, encumbrance, merger, or consolidation shall be binding upon the public without the approval of the public service commission.

"49-04-06. Acquiring stock or business of another utility—Authorization by commission.—No public utility, directly or indirectly, shall acquire the stock or business of any other corporation incorporated for or engaged in the same or a similar business or proposing to operate or operating under a franchise from the same or any other authority unless authorized to do so by the commission. No such transaction shall be binding upon the public without the approval of the commission." North Dakota Century Code.

■ We therefore find that Fargo Freight Trucking, Inc. abandoned or discontinued service contrary to Section 49-18-17 of the North Dakota Century Code and that this constituted good cause for the revocation of its special common motor carrier certificate of public convenience and necessity.

We do not believe that this is inconsistent with the declaration of public policy contained in Section 49-18-06 of the North Dakota Century Code.

"49-18-06. Public policy affecting motor transportation.—All common motor carriers, contract motor carriers, and agricultural motor carriers are hereby declared to be affected with a public interest and to be subject to regulation as prescribed by this chapter and other applicable provisions of law. Among the purposes to be served are:

"1. To relieve the existing and future undue burdens upon the highways arising by reason of the use of such highways by motor vehicles for hire;

"2. To protect the safety and welfare of the traveling and shipping public in their use of the highways; and

"3. Carefully to preserve, foster, and regulate transportation and to permit co-ordination of transportation facilities, and to enforce the provisions of this chapter." North Dakota Century Code.

Having so found and concluded, it is unnecessary for us to discuss at length the appellant's second and third contentions.

It is sufficient to point out that, although the Public Service Commission approved the purchase of all the stock of Fargo Freight Trucking, Inc. by Hart Motor Express, Inc. on December 19, 1960, months after said company had assumed control of Fargo Freight Trucking, Inc. but shortly prior to the revocation of the certificate of Fargo Freight Trucking, Inc., said approval was made conditionally. The words of the order are as follows:

"* * * without prejudice to the Commission's right to revoke Fargo Freight's certificate for good cause shown and the findings and conclusions made herein shall not be construed so as to necessarily imply approval of the manner in which Fargo Freight has been conducting its business or of the 'Lease Agreement' executed by Fargo Freight and Hart dated December 11, 1959."

It should be further noted that in the hearing on the matter of the question of approval of the stock transfer, objection was made by counsel for Fargo Freight Trucking, Inc. to consideration of issues involving the transfer of the certificate. That being the case, counsel cannot now validly contend that the issues contained in this proceeding were determined in the previous one.

As for the contention that there is no showing that public interest was adversely affected, it seems to us that public interest is adversely affected when laws designed to protect the public interest are violated.

For the reasons stated in this opinion, the judgment of the district court affirming the order of the Public Service Commission is affirmed.

MORRIS, C. J., and BURKE and TEIGEN, JJ., concur.

STRUTZ, J., did not participate.