YELLOW FREIGHT SYSTEM, INC. v PUBLIC SERVICE COMMISSION

OPINION OF THE COURT

1. ADMINISTRATIVE LAW—APPEAL AND ERROR—PUBLIC SERVICE COMMISSION—INGHAM CIRCUIT COURT—STATUTES.

An appeal from a Public Service Commission determination is to be made to the Ingham County Circuit Court (MCLA 479.20; MSA 22.585).

2. ADMINISTRATIVE LAW—EVIDENCE—HEARINGS—PUBLIC SERVICE COMMISSION—TRIAL COURTS—APPEAL AND ERROR—STATUTES.

A trial judge who is hearing an appeal from a determination by the Public Service Commission is not obliged to transmit a copy of any new evidence to the PSC unless he finds that the evidence offered at trial is (1) original, and (2) either different from or additional to the evidence offered at the PSC hearing, and (3) otherwise admissible under the rules of evidence; in addition, the proposed evidence may not expand the issues beyond those considered by the PSC (MCLA 479.20; MSA 22.585).

3. ADMINISTRATIVE LAW—EVIDENCE—PUBLIC SERVICE COMMISSION—REMAND—HEARINGS—FREIGHT BILLS—DIFFERENT EVIDENCE—ADDITIONAL EVIDENCE.

The failure of a trial judge who was hearing an appeal from the Public Service Commission to transmit to the PSC a copy of an intrastate freight bill which was offered in evidence in the trial court but not at the PSC hearing was harmless error where this freight bill was the thirteenth bill to fall within the dates in question and the other twelve bills were listed on a schedule in evidence before the PSC and were neither different from nor additional to the evidence before the PSC.

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 1 Am Jur 2d, Administrative Law § 69 et seq.
[4–9, 11] 15A Am Jur 2d, Commerce §§ 58–71.
[10] 5 Am Jur 2d, Appeal and Error § 684 et seq.
[12] 2 Am Jur 2d, Administrative Law §§ 393–396.
[13] 2 Am Jur 2d, Administrative Law §§ 537, 746.

4. CARRIERS—COMMON CARRIERS—CERTIFICATE OF AUTHORITY—REVO-
CATION OF AUTHORITY—INTRASTATE SHIPMENTS—DISCONTINU-
ANCE OF SERVICES—ABANDONMENT OF SERVICES—STATUTES.

Curtailment of service is insufficient to justify a revocation by
operation of law of a common motor carrier's certificate of
authority for intrastate shipments; a discontinuance or an
abandonment of intrastate services is necessary for such revo-
cation of authority to take effect by operation of law (MCLA
476.13; MSA 22.546).

5. CARRIERS—COMMON CARRIERS—INTRASTATE SHIPMENTS—DISCON-
TINUANCE OF SERVICE—CERTIFICATE OF AUTHORITY.

A finding of discontinuance of intrastate common-carrier service
can be justified where there was evidence that the carrier
whose certificate of authority is being challenged had interline
arrangements on authorized routes with other carriers but that
the authorized carrier did not turn over any intrastate cargo.

6. CARRIERS—COMMON CARRIERS—ADMINISTRATIVE LAW—PUBLIC
SERVICE COMMISSION—INTRASTATE SHIPMENTS—CERTIFICATE OF
AUTHORITY—LAPSE OF CERTIFICATE—EVIDENCE—BURDEN OF
PROOF.

The burden of proof in a proceeding before the Public Service
Commission at which a common carrier's certificate of author-
ity for intrastate shipments is being challenged as having
lapsed due to the carrier's discontinuance of such service is on
the parties alleging the discontinuance of service.

7. CARRIERS—COMMON CARRIERS—ADMINISTRATIVE LAW—PUBLIC
SERVICE COMMISSION—INTRASTATE SHIPMENTS—WITNESSES—NE-
BULOUS TESTIMONY—SHIPPING DOCUMENTS—BURDEN OF PROOF.

Certain movements of a common carrier were intrastate ship-
ments rather than interstate where testimony by witnesses
before the Public Service Commission for each side to the
dispute was based on examinations of shipping documents, and
it was inconsistent for the PSC to find the testimony of one
party's witnesses nebulous and that of the other party's wit-
nesses not.

8. APPEAL AND ERROR—CARRIERS—COMMON CARRIERS—ADMINISTRA-
TIVE LAW—PUBLIC SERVICE COMMISSION—REMAND—FACT QUES-
TIONS—EVIDENCE—BURDEN OF PROOF.

Remand by the Court of Appeals to the Public Service Commis-
sion for reconsideration of fact questions is the proper remedy
where statements in the PSC hearing record suggest that the
PSC erroneously placed the burden of proof on the common
carrier whose certificate of authority was being challenged by

competitors and where the Court of Appeals is unsure of what the PSC found regarding certain factual issues.

9. ADMINISTRATIVE LAW—PUBLIC SERVICE COMMISSION—CARRIERS—COMMON CARRIERS—AUTHORIZED SERVICES—WILLINGNESS TO PERFORM—ABILITY TO PERFORM—LAPSE OF AUTHORITY.

A finding that a common carrier was not willing and able to perform its authorized service was implicit in a Public Service Commission's determination that the carrier's certificate of authority had lapsed by operation of law because of the carrier's discontinuance or abandonment of services for a specified time.

10. APPEAL AND ERROR—BRIEFS—ABANDONED ISSUES.

An issue which has not been briefed is abandoned on appeal.

DISSENT BY DANHOF, C. J.

11. ADMINISTRATIVE LAW—CARRIERS—COMMON CARRIERS—PUBLIC SERVICE COMMISSION—HEARINGS—EVIDENCE—INTRASTATE SERVICES—DISCONTINUANCE OF SERVICES.

The Public Service Commission was justified in holding that a common carrier had discontinued its intrastate service where, at the time the case was remanded to the PSC for future hearings, there was ample evidence to support a finding of discontinuance and sufficient evidence to the contrary was not presented on rehearing.

12. ADMINISTRATIVE LAW—EVIDENCE—WEIGHT AND CREDIBILITY—ASSESSOR OF WEIGHT AND CREDIBILITY—PUBLIC SERVICE COMMISSION—HEARINGS.

The Public Service Commission is the principal assessor of the weight and credibility of evidence presented at its hearings.

13. ADMINISTRATIVE LAW—PUBLIC SERVICE COMMISSION—EVIDENCE—BURDEN OF PROOF—BURDEN OF GOING FORWARD.

The burden of proof at a Public Service Commission hearing has not shifted where the parties originally bearing the burden of proof have introduced a significant volume of evidence supporting their position; however, the introduction of such a volume of evidence has shifted to the opposing party the burden of going forward with the proofs.

Appeal from Ingham, James T. Kallman, J. Submitted June 10, 1976, at Lansing. (Docket No. 23211.) Decided February 2, 1977.

Yellow Freight System, Inc., and Central Transport, Inc., appealed to the Ingham Circuit Court from a determination by the Public Service Commission after remand (377 Mich 259; 140 NW2d 515 [1966]) that Yellow's certificate of authority for intrastate shipping was revoked by operation of law. The circuit court affirmed the PSC's determination. Yellow and Central appeal. Affirmed in part, reversed in part and remanded to the PSC.

*Farhat, Burns & Story, P. C.* and *Clark, Klein, Winter, Parsons & Prewitt* (by *Arthur P. Boynton),* for plaintiff Yellow Freight System, Inc.

*Albert Green,* for plaintiff Central Transport, Inc.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Walter V. Kron* and *Marvin L. Bromley,* Assistants Attorney General, for Michigan Public Service Commission.

*Matheson, Bieneman, Parr, Schuler & Ewald* (by *John W. Ester),* for defendants Associated Truck Lines, Inc., Ogden & Moffett Company, Earl C. Smith, Inc., and United Truck Service, Inc.

*Warner, Norcross & Judd* (by *Joseph M. Sweeney),* for defendant Associated Truck Lines, Inc.

Before: DANHOF, C. J., and BASHARA and D. T. ANDERSON,* JJ.

BASHARA, J. This appeal arises from a judgment of the Ingham County Circuit Court upholding a finding of the Michigan Public Service Commission

---

* Circuit judge, sitting on the Court of Appeals by assignment.

(hereinafter referred to as the PSC). The PSC
determined that the certificate of authority of the
appellant, Yellow Freight Systems, Inc. (hereinaf-
ter referred to as Yellow), was revoked by opera-
tion of law.

In 1961 Yellow held a certificate of authority
that permitted it to operate a motor vehicle
freight carrier service over certain intrastate
routes in southeastern Michigan. That year Yellow
entered into an agreement to transfer the certifi-
cate to the appellant, Central Transport, Inc.
(hereinafter referred to as Central), in considera-
tion for $87,500.

Subsequently, competitors of Yellow brought an
action before the PSC seeking a determination
that Yellow had discontinued service over its in-
trastate routes for more than ten days, and that
its certificate was revoked by operation of law. The
PSC found in favor of Yellow. The Ingham County
Circuit Court overturned the PSC determination.

An appeal was then taken to the Michigan
Supreme Court. In the controlling plurality opin-
ion of Justice SOURIS in *Associated Truck Lines,
Inc v Public Service Commission,* 377 Mich 259,
282; 140 NW2d 515 (1966), the circuit judge was
reversed for erroneously making findings of fact.
The case was remanded to the PSC to reopen
proofs.

The PSC held additional hearings and concluded
on the consolidated record that Yellow had discon-
tinued service for more than ten days, and that its
certificate of authority was revoked by operation of
law. The Ingham County Circuit Court sustained
the findings on appeal. The case now comes before
us.

An appeal from a PSC determination to the
Ingham County Circuit Court is provided by

MCLA 479.20; MSA 22.585. In material part that statute provides:

"Any party to such suit may introduce *original evidence* in addition to the transcript of evidence offered to said commission. * * * If, upon the trial of such action, evidence shall be introduced which is found by the court to be *different from* that offered upon the hearing before the commission, *or additional thereto,* the court, before proceeding to render judgment, unless the parties in such action stipulate in writing to the contrary, shall transmit a copy of such evidence to the commission, and shall stay further proceedings in said action for 15 days from the date of such transmission. * * * The commission may, upon receipt and consideration of such evidence alter, modify, amend or rescind its order and shall report its action thereon to the court within 10 days from the receipt of such evidence. * * * In all actions and proceedings in court arising under this act, all such process shall be served and the practice and *rules of evidence shall be the same as in actions in equity,* except as otherwise herein provided." (Emphasis supplied.)

Appellants argue that the trial judge erred in failing to transmit certain evidence back to the PSC for reconsideration.

The trial judge is not obliged to transmit a copy of any new evidence to the PSC pursuant to MCLA 479.20; MSA 22.585, unless he finds the proffered evidence is (1) "original", and (2) either "different from" or "additional thereto" the evidence offered at the PSC hearing, and (3) otherwise admissible under the rules of evidence. Furthermore, the proposed evidence may not expand the issues beyond those considered by the PSC as explained in *Greyhound Corp v Public Service Commission,* 360 Mich 578, 586–587; 104 NW2d 395 (1960):

"The language of the statute clearly implies that the

*proofs taken in the circuit court on the appeal shall
have reference to the matters involved in the proceedings before the commission.* If issues that were not
before the commission, and on which it was not empowered to pass, could be injected into such a case on
appeal it is obvious that the nature of the action might
be materially altered in the circuit court and decree
entered there based on the determination of matters on
which the commission did not and could not pass."
(Emphasis supplied.)

Justice SOURIS' controlling opinion in *Associated
Truck Lines, Inc v Public Service Commission,
supra,* at 289, recognized that the issue was tightly
drawn to that of discontinuance:

"Unfortunately, *although the claim of Yellow Transit's [Yellow Freight] rivals before the commission was
expressly limited to one of discontinuance of service,*
the commission in its decision proceeded to discuss the
case as one in which it was claimed the service was
'abandoned' within the meaning of section 13." (Emphasis supplied.)

After the remand the PSC found:

"The commission therefore finds that during the
months of June, July and August 1961, Yellow Transit
discontinued service in violation of the prescriptions
contained in Section 13, Article 2 of the Motor Carrier
Act, Compiled Laws of 1948, Section 476.13 (MSA
22.546)."

Therefore, the evidence offered at the circuit court
should not be transmitted back to the PSC unless
it has reference to the PSC finding of discontinuance of service by Yellow in June, July, and
August, 1961.

Exhibit 1 is made up of 39 freight bills and one
bill of lading for intrastate shipments transported

by Yellow. Only 13 freight bills fall within the crucial dates. Although the freight bills were not in evidence, there was a schedule in evidence before the PSC which showed 12 of the intrastate shipments. The 12 freight bills were neither different from nor additional to the evidence before the PSC.

The thirteenth freight bill is an intrastate shipment from Adrian to Dearborn occurring on August 30, 1961. This shipment was not shown on the schedules before the PSC. Assuming there had been a remand to the PSC and it found that an intrastate shipment occurred on that date, and modified its findings accordingly, there still remained no relevant evidence to rebut the inclusive PSC finding that Yellow discontinued service for more than ten days from June 1, 1961 to August 29, 1961. The failure of the trial judge to transmit a copy of this evidence to the PSC was harmless error.

Exhibit 3 is merely a summary of intrastate shipments by Yellow between February 1, 1961 and December 27, 1961. Except for the previously discussed shipment of August 30, 1961, this schedule neither added to nor differed from evidence of these same transactions already before the PSC in another form.

Exhibit 9 is the deposition of John M. Records, an attorney for Yellow. He was a frequent witness at the PSC hearings and his testimony neither added to nor differed from his prior testimony.

Exhibit 10 is the deposition of Frank J. Mancinelli, an employee at Chrysler's Centerline parts depot. His testimony closely paralleled Mr. Henry Burakowski, another employee at the Centerline plant. Mr. Mancinelli's testimony was neither additional nor different.

Exhibit 11 is the depositional testimony of three employees employed respectively at Bendix Corporation, Cadillac Motor Car Division, and Detroit Diesel Division. They all testified to intrastate shipments by Yellow as well as solicitation of intrastate business by Yellow. The testimony was not additional nor different because the evidence of shipments and solicitation of business by Yellow was already before the PSC.

Exhibits 12 through 24 are depositions of former and present officers and employees of competitors of Yellow. The testimony related to the motives of the competitors as well as to a possible conspiracy by Yellow's rivals in bringing this action. While these matters might be material in an antitrust action, they have no reference to the issues before the PSC.

Exhibits 25 and 26 are memorandums prepared by Harry Pohldad, an employee of Associated Truck Lines, Inc. The former was a copy of a memorandum sent to a number of people in communities in Michigan, requesting information on the operations and solicitation of business by Yellow in that locality. This memo merely evidences preparation by Mr. Pohldad for the PSC hearings.

The latter is a copy of a memorandum to Mr. Pohldad's superiors notifying them of a discussion among representatives of competitors of Yellow and attorney John Veale regarding a rumored transfer of Yellow's certificate of authority to Central. The memo stated that a determination had been made at that meeting to file a complaint with the PSC seeking revocation of Yellow's certificate due to dormancy. Neither memo is related to the issue of discontinuance.

Exhibit 29 is a memorandum issued by attorney John Veale regarding preparation of evidence for

the PSC hearing. Exhibit 31 is an informational bulletin issued by the Michigan Intra-State Tariff Bureau, Inc, regarding an approval of a transfer of Yellow's certificate to Central. Again, we cannot see how this information is related to the issue of discontinuance.

Exhibit 33 is a number of opinions and orders of the PSC. Exhibit 34 is a certified copy of the PSC approval of Yellow's transfer of its certificate of authority to Central. We find the proposed evidence to be of questionable evidentiary value to the issue of discontinuance.

The next issue raised by appellants is whether the PSC findings can be supported by competant, material, and substantial evidence on the record.

As a sidelight it is interesting to note that both Justice SOURIS in his controlling plurality opinion and Justice O'HARA in his dissenting opinion found sufficient evidence to support a finding of discontinuance by Yellow. Justice SOURIS stated:

"While I find ample support in this record for Judge Salmon's more explicit findings of fact * * * ." *Associated Truck Lines, Inc v Public Service Commission, supra,* 292.

Justice O'HARA stated:

"It may be cool comfort to the able counsel representing all appellees to note that had the learned circuit judge been making the initial determination in the place and stead of the commission, there would be found in the record a plethora of evidence, exhibit-wise and testimonially, to support his conclusions." *Associated Truck Lines, Inc. v Public Service Commission, supra,* 279.

Of course these findings are not binding upon us. However, after a time-consuming and thorough

review of the voluminous record we conclude that the PSC findings have adequate record support.

The appellants next insist that the PSC merely found a curtailment, rather than a discontinuance of service by Yellow. Curtailment of service is insufficient to justify a revocation of a certificate of authority by operation of law within the context of MCLA 476.13; MSA 22.546. *J E Bejin Cartage Co v Public Service Commission,* 352 Mich 139, 151; 89 NW2d 607 (1958).

In this regard the PSC found:

> "*Despite the conflicting testimony,* there is no question but what the carrier through design and intent did in fact '*curtail its services so drastically that no services were rendered for periods in excess of ten days "without Commission approval".*' The Commission therefore finds that during the months of June, July and August 1961, Yellow Transit discontinued service in violation of the prescriptions contained in Section 13, Article 2 of the Motor Carrier Act, Compiled Laws of 1948, Section 476.13 (MSA 22.546)." (Emphasis supplied.)

We believe that a fair reading of the PSC opinion discloses that the commission found a curtailment of service of such a drastic nature, that it amounted to a discontinuance of service within the meaning of MCLA 476.13; MSA 22.546.

Appellants further argue that as long as Yellow had arrangements with other carriers to provide interline service along Yellow's authorized routes, there could be no finding of discontinuance. The record disclosed that Yellow entered into interline agreements with Earl C. Smith, Inc. and Jones Transfer Company whereby they would act as substitute carriers on certain intrastate routes. However, representatives of Earl C. Smith, Inc. and Jones Transfer Company testified that be-

tween the critical dates of June 1, 1961, and August 31, 1961, they interlined no intrastate shipments for Yellow. We believe that merely providing an interline arrangement on authorized routes without turning over any intrastate cargo can well justify a finding of discontinuance.

Appellants assert that the PSC erroneously placed the burden of proof on them to show that shipments of freight handled by Yellow between Chrysler Corporation's Marysville and Centerline plants were intrastate rather than interstate. There is no disagreement that the burden of proof in the proceedings before the PSC was on Yellow's competitors.

The PSC made the following findings:

"Yellow Transit sought to show continued intrastate activity through the witness, Burakowski, a Chrysler Motor official. This witness sought to establish movements from Marysville to Center Line [sic] by examination shipping documents and showing that there were certain shipments from Marysville to Center Line [sic] which contained truckload lots at the point of origin (Marysville) which truckload upon leaving Center Line [sic] contained less weight on entry into interstate traffic. Yellow Transit seeks to establish these movements as acts consistent with a readiness, willingness and ability to service intrastate shippers. *The Commission finds that these proofs of intrastate service are too nebulous for acceptance as establishing the fact. Hence, since there is no explanation as to what happened to the cargo removed from the truck destined for interstate commerce, in view of the fact that Center Line* [sic] *is a depot for the initiation of interstate shipments, we conclude that this breaking of bulk by carrier does not remove the interstate character of the cargo.*

"*These proofs are not clear and convincing evidence of a continuance of intrastate service.*" (Emphasis supplied.)

The PSC could have found that the Marysville to Centerline shipments were interstate based on the testimony of Howard Conlin and Harry Pohldad, employees of competitors. Both examined certain shipping documents in reaching such a conclusion. Conversely, there was also evidence by which the PSC could have found that the Marysville to Centerline shipments were intrastate. Henry F. Burakowski, a traffic manager at the Centerline plant, also examined shipping documents and concluded the shipments were intrastate. See *Federal Compress & Warehouse Co v McLean,* 291 US 17; 54 S Ct 267; 78 L Ed 622 (1934), *Coe v Town of Errol,* 116 US 517; 6 S Ct 475; 29 L Ed 715 (1886).

However, the PSC found that Mr. Burakowski's testimony was too nebulous to accept. Since the testimony from both sides was based on shipping documents, it would be inconsistent for the PSC to conclude that the testimony of Messrs. Conlin and Pohldad was anything other than nebulous. If all the testimony in this regard was nebulous, the appellees failed to carry their burden. Accordingly, the PSC should have found that the movements between Marysville and Centerline were intrastate.

Moreover, the last sentence of the PSC's finding states that the "proofs were not clear and convincing evidence of a continuance of intrastate service". This statement suggests that the PSC erroneously placed the burden on the appellants to prove that the shipments between Marysville and Centerline were intrastate. Since we cannot be sure of what the PSC found, and because there are disputed questions of fact, we reluctantly remand to the PSC to reconsider this question on the present record and issue a new finding of fact in this regard.

The appellants contend that the PSC cannot revoke Yellow's certificate of authority pursuant to MCLA 476.13; MSA 22.546, if Yellow was willing and able to provide authorized service. Along the same lines the appellants also argue that the PSC applied an inconsistent standard when compared with other decisions, which have determined that a discontinuance of service has not occurred, where a carrier has not operated for an extended period of time, but was willing and able to provide service.

It is implicit in the PSC opinion that it found Yellow was not willing and able to perform its authorized service. Such a finding could well be supported by evidence on the record that Yellow did not solicit intrastate business, that Yellow was interested in cutting back its intrastate business, and that Yellow on at least one occasion left intrastate shipment sitting at a terminal until it could provide for shipment by another carrier. However, the following cross-examination of George E. Powell, Chairman of the Board of Yellow, is most compelling to support a finding that Yellow was not willing and able to perform.

*"Q. [By Mr. Elmer, Counsel for Jones Transfer Company et al.]* Well, then would you kindly explain to me how you can cutout short hauls and still maintain service? I just don't follow this distinction?

*"A. [Mr. Powell.]* If you don't maintain service I grant you that you are not going to do much short haul business or any business that you don't maintain service on, it just goes away from you.

*"Q.* People aren't going to be interested, are they?

*"A.* That's right. If you don't maintain service and somebody else does they naturally will reduce the freight they are giving you.

*"Q.* And that's what you did?

"*A.* Yes, we reduced our service.

"*Q.* And the people became dissatisfied and they went elsewhere in many instances?

"*A.* Oh, I don't know.

"*Q.* In many instances?

"*A.* I am sure they'd go to the Yellow—they'd go to the carrier that came *[sic]* them the best service.

"*Q.* This was a willful act on the part of your company to reduce service, was it not?

"*A.* Our plan was to reduce the operation in which we were losing most heavily.

"*Q.* This was a deliberate decision by the management of Yellow Transit to reduce service?

"*A.* To reduce losses.

"*Q.* And in order to do that you had to reduce service, didn't you?

"*A.* Yes."

Finally, appellants attack the constitutionality of MCLA 476.13; MSA 22.546. The trial judge entered an order denying amendment of appellant's complaint. Appellants have not briefed the issue of the denial of amendment, and give us no reason for setting aside the judge's order. Consequently, the issue is abandoned on appeal. *Mitcham v Detroit,* 355 Mich 182, 203; 94 NW2d 388 (1959).

Affirmed in part, reversed in part and remanded to the PSC for proceedings consistent with this opinion. No costs, neither party prevailing entirely.

D. T. ANDERSON, J., concurred.

DANHOF, C. J. *(dissenting).* I agree with the opinion of my colleagues in all respects but the ultimate disposition of this matter.

It is abundantly clear that at the time this case

was remanded to the PSC in 1966, there was ample evidence to support a finding of discontinuance. Witness the remarks of Justices SOURIS and O'HARA and the majority of this panel, page 485 of the majority opinion. Thus, the PSC would have been justified in so holding on remand, provided sufficient evidence to the contrary was not presented on rehearing. The only such evidence was the testimony of Mr. Burakowski, termed by the PSC "nebulous".

The PSC, like a jury, is the principal assessor of weight and credibility. Although it is not apparent from their opinion just why the PSC chose to assign comparatively little weight to the testimony of Burakowski, the majority's conclusion that it was solely because he testified from shipping documents and, hence, that all similar testimony of other witnesses should be similarly weighted is not, in my opinion, warranted.

The majority speaks of an improper shifting of the burden of proof. The burden of proof has not shifted, however, the significant volume of evidence already on the record opposing the plaintiffs' position most certainly shifted the burden of going forward with the proofs. The plaintiffs, having failed to provide credible (could it not be said "clear" or "convincing") evidence to establish that there was no discontinuance, the record stood essentially as it did when reviewed by the Supreme Court, which all agree supported a finding of discontinuance.

I would affirm.