Matter of SUPERIOR SERVICE COMPANY, Inc., Minot, North Dakota.

SUPERIOR SERVICE COMPANY, Inc., a corporation, Appellant and Respondent,

v.

Ernest D. NELSON, Anson Anderson and Martin Vaaler, as members of the Public Service Commission of the State of North Dakota, Respondents,

Great Northern Railway Company, Soo Line Railroad, Midwest Motor Express, Inc. Buckingham Transportation Company, Hart Motor Express, Inc., Fargo Freight Terminal, Mort Bertelson, and Glendenning Motorways, Inc., Intervenors,

and

Glendenning Motorways, Inc., Intervenor and Appellant.

No. 7751.

Supreme Court of North Dakota.

Dec. 23, 1958.

Rehearing Denied Jan. 12, 1959.

---

Palda, Palda & Peterson, Minot, for Superior Service Co.

Gerald G. Glaser, Commerce Counsel, Bismarck, for Public Service Commission.

Nilles, Oehlert & Nilles, Fargo, for Great Northern Ry. Co. and Soo Line R.R.

Strutz, Jansonius & Fleck, Bismarck, for Midwest Motor Express, Inc.

Alan Foss, Fargo, for Buckingham Transp. Co.

R. W. Wheeler, Bismarck, for Hart Motor Express, Inc.

E. J. McIlraith, Minot, for Mort Bertelson.

Conmy & Donahue, Bismarck, for Glendenning Motorways, Inc.

SATHRE, Judge.

On April 13, 1948, the Public Service Commission, upon a showing of convenience and necessity, issued to I. R. Dunnell a special common motor carrier certificate No. 589. In January 1954 the trucking company operated by I. R. Dunnell was incorporated under the name of Superior Service Company. Special common motor carrier certificate No. 589 was transferred to Superior Service Company,

Inc., and I. R. Dunnell became its president and general manager, and common stock was issued to the stockholders of Superior Service Company, Inc.

Section 49–1801, Subd. 7, NDRC 1943, provides:

"7. 'Special common motor carrier' shall mean a common motor carrier operating over irregular routes, not on schedule time, at the will and command of the shipper."

On September 7, 1956, the Interstate Commerce Commission approved a lease from Superior Service Company, Inc., to Glendenning Motorways, Inc., of

"that portion of the operation in interstate or foreign commerce lawfully conducted by lessor under the partial exemption of the second proviso of Section 206(a) of the Interstate Commerce Act [49 U.S.C.A. § 306(a)], supported by North Dakota Intrastate Certificate No. 589."

On September 28, 1956, a buy and sell application was filed with the Public Service Commission whereby Glendenning Motorways, Inc., agreed to buy, the Superior Service Company, Inc., agreed to sell Certificate No. 589.

On October 1, 1956, the Public Service Commission served upon Superior Service Company, Inc., an order to appear at Minot, North Dakota, on October 15, 1956, and show cause, if any there be, why the special common motor carrier certificate No. 589 should not be revoked on the ground that operations thereunder had been unlawfully discontinued. The order stated that the Commission had received informal complaints that Superior Service Company, Inc., had discontinued its operations without authority from the Commission. Pursuant to the order to show cause Superior Service Company, Inc., appeared at the hearing before the Commission on October 15. Appearing at the hearing as intervenors were the following:

Great Northern Railway Company

Soo Line Railroad

Midwest Motor Express, Inc.

Buckingham Transportation Company

Hart Motor Express, Inc.

Fargo Freight Terminal

Glendenning Motorways, Inc. and

Mort Bertelson.

The Commission ruled that any intervenor that had witnesses who would testify relative to the question of abandonment of service by Superior Service Company, Inc., was a proper party in the case and would have the right to cross-examine witnesses, and likewise that the Superior Service Company, Inc., would have the right to cross-examine any witnesses produced by any of the intervenors. The Commission proceeded to hear testimony on the question of whether there had been an abandonment of service by the Superior Service Company, Inc., under its special common motor carrier certificate No. 589.

On the 23rd day of November 1956, the Commission issued its findings of fact and conclusions of law that operations under Certificate No. 589 had been unlawfully abandoned by Superior Service Company, Inc., and ordered that the certificate be revoked and cancelled. Thereafter Superior Service Company, Inc., appealed to the District Court of Ward County. The district court affirmed the decision of the Public Service Commission and judgment was entered accordingly. Superior Service Company, Inc., did not appeal but the intervenor, Glendenning Motorways, Inc., appealed to the Supreme Court from the judgment of the district court, and demanded a trial de novo. The Public Service Commission and the intervenor, Hart Motor Express, Inc., together with the intervenors, moved to dismiss the appeal to the Supreme Court, but the motion was denied by the Supreme Court on March 18, 1958.

The main issue on this appeal is whether the record made before the Public Service Commission is sufficient to support its findings and conclusions and its order revoking Certificate No. 589, on the ground that operation thereunder had been unlawfully abandoned by Superior Service Company, Inc.

There is no material dispute in the evidence on the question of abandonment of operation by Superior Service Co., under Certificate No. 589.

I. R. Dunnell, the president and general manager of Superior Service Company, Inc., testified that certificate No. 589 had been registered with the Interstate Commerce Commission, and this enabled his company to haul freight destined in interstate commerce, but only within the State of North Dakota. The Superior Service Company, Inc., had a contract with the intervenor, Glendenning Motorways, Inc., to move in North Dakota its shipments in interstate commerce. On September 7, 1956, Superior Service Company, Inc., received an order from the Interstate Commerce Commission by which Glendenning Motorways, Inc., the intervenor herein, was granted temporary authority to move interstate shipments under service certificate No. 589 by agreement between Superior Service Company, Inc. and Glendenning Motorways, Inc., which resulted in a considerable reduction in the intrastate shipment of Superior Service Company, Inc.

With reference to the equipment of the Superior Service Company, Inc., Mr. Dunnell testified that his company had five trailers and three tractors. These tractors were designated as a 1946 Federal tractor, a 1948 Federal tractor, and a 1955 Dodge tractor. At the time of the hearing before the Commission the 1946 Federal tractor was at the Cummins Diesel Company for repairs and had been there for some time; the 1948 Federal tractor was in Fargo and was used for intercity switching, but it also was out of repair; the 1955 Dodge tractor was at the Parker Motor

Company for repair and had been there for more than a month.

It is established by the testimony of Mr. Dunnell that movement of freight by his company since July 1, 1956, had been by use of leased tractors.

Exhibit 1 to 16, both inclusive, introduced by Superior Service Company, Inc., at the hearing on October 15, 1956, contains a list of North Dakota intrastate freight bills and interstate freight bills of Superior Service Company, Inc., from April 7, 1956, to October 14, 1956. An analysis of these exhibits demonstrates that the number of shipments of Superior Service Company, Inc., during each of the months of April, May, June, July and August, 1956 was at least 300, but during each of the months of September and October Superior Service Company, Inc., transported only eight shipments.

Mr. Dunnell testified, however, that it was not his intention to abandon operation under Certificate No. 589, but he offered no reasonable explanation for the sudden drop in volume of shipments from 300 a month prior to September 1956, to eight shipments moved by his company during September and October 1956. It is established by the evidence that Superior Service Company, Inc., at different times hired the use of tractors to move its trailers without authority from the Commission and contrary to the rules and regulations promulgated by the Commission under its rule-making powers granted by Section 49–1808, NDRC 1943.

Under the authority granted by Certificate No. 589, Superior Service Company, Inc., could only move shipments which originated or terminated in Minot, North Dakota, or within ten miles thereof. The evidence shows, however, that Superior Service Company, Inc., moved 78 shipments in May 1956; 103 shipments in June 1956; 82 shipments in July 1956; and 32 shipments in August 1956, none of which shipments originated or terminated in Mi-not, North Dakota, or within ten miles thereof, all contrary to the authority granted by Certificate No. 589.

As already pointed out herein Superior Service Company, Inc., did not appeal from the judgment of the district court. The appeal was taken by the intervenor, Glendenning Motorways, Inc.

The interest of the appellant intervenor, Glendenning Motorways, Inc., appears to be a buy and sell application which was filed with the Public Service Commission on September 28, 1956. Glendenning Motorways, Inc., agreed to buy and Superior Service Company, Inc., agreed to sell, Certificate No. 589.

Transfers of certificates and permits issued to carriers by the Service Commission may be made under Section 49–1826, 1957 Supp. NDRC 1943, upon approval by the Commission which Section is as follows:

> "Certificates and permits issued to carriers by the commission under this chapter shall remain in force and effect subject to regulatory and annual fee provisions of said chapter, and subject to all limitations and requirements thereof. Such certificate or permit shall be transferable only upon approval by the commission, after opportunity for hearing, giving notice to all interested parties."

The Service Commission took no action upon the buy and sell application, and after due notice and hearing revoked Certificate No. 589. On appeal to the district court the order of revocation made by the Commission was affirmed. The appeal from the judgment of the district court is here upon the record and proceedings had before the Pubic Service Commission. The procedure on appeal from an administrative agency is prescribed by Section 28–3219, NDRC 1943, which section is as follow:

> "The court shall try and hear an appeal from the determination of an ad-

ministrative agency without a jury and the evidence considered by the court shall be confined to the record filed with the court. If additional testimony is taken by the administrative agency or if additional findings of fact, conclusions of law, or a new decision shall be filed pursuant to section 28–3218, such evidence, findings, conclusions, and decision shall constitute a part of the record filed with the court. After such hearing, the court shall affirm the decision of the agency unless it shall find that such decision or determination if not in accordance with law, or that it is in violation of the constitutional rights of the appellant, or that any of the provisions of this chapter have not been complied with in the proceedings before the agency, or that the rules or procedure of the agency have not afforded the appellant a fair hearing, or that the findings of fact made by the agency are not supported by the evidence, or that the conclusions and decision of the agency are not supported by its findings of fact. If the decision of the agency is not affirmed by the court, it shall be modified or reversed, and the case shall be remanded to the agency for disposition in accordance with the decision of the court."

Under the foregoing statute and the facts in the case the question is whether the evidence supports the finding of the Commission.

It is established by the evidence that the Superior Service Company had permitted freight to accumulate at its dock at Fargo and had made no attempt to move, although under subdivision 7 of Section 49–1801, NDRC 1943, the holder of a Special Common Motor Carrier Certificate operates at the will and command of the shipper. It is further established that after September 1, 1956, the Superior Service had no regular office nor telephone facilities where it could be contacted or reached by prospective shippers. It clearly appears from the evidence that the Public Service Commission was justified in finding that Superior Service Company had ceased operation and abandoned Service under its Certificate contrary to Section 49–1817, NDRC 1943, which is as follows:

"No common motor carrier authorized by this chapter to operate shall abandon or discontinue any service established under the provisions thereof without an order of the commission."

The order revoking the certificate of the Superior Service Company was made under authority of Section 49–1816, NDRC 1943, which is as follows:

"The commission, at any time, for good cause, may suspend and, upon not less than five days' notice to the grantee of any certificate, and on opportunity to be heard, may revoke or amend any certificate."

The order was executed by two members of the Commission. The third member of the Commission agreed that Superior Service Company did not have proper equipment to render the transportation service authorized by Special Certificate No. 589, and that after September 1, 1956, it had failed to perform the service required by said certificate. He would however grant Superior Service Company 60 days to furnish satisfactory evidence of its ability to operate as required by the Certificate, and that upon failure to furnish such evidence he would revoke the Certificate. From his statement it appears that in effect he agreed that Superior Service Company had failed to provide transportation as required under its Certificate which in effect was equivalent to abandonment.

■ In 73 C.J.S. Public Administrative Bodies and Procedure § 145, page 478, it is stated:

"As a general rule, the decisions or orders of an administrative body are, in the absence of evidence to the contrary, presumptively correct and valid.

Thus there is a presumption that legal duties and statutory requirements were complied with, that facts justifying a ruling were in existence, and that there was sufficient evidence on which to base the decision of the agency. So also, the action of an administrative board or officer, when done in the course of official duty, is generally presumed to have been done in good faith and imports verity."

After a careful consideration of the evidence and the entire record we can not say that the Public Service Commission, in revoking Certificate No. 589, exceeded its regulatory and supervisory powers con-

ferred upon it by law. There is no showing that the order of revocation was made without appropriate procedure, or that it was made contrary to controlling statutory provisions or established principles of administrative procedure. The evidence is sufficient to support the findings upon which the order of revocation was made. The district court affirmed the proceedings of the Commission and judgment was entered accordingly.

Finding no reversible error in the record the judgment is affirmed.

GRIMSON, C. J., and MORRIS and BURKE, JJ., concur.