ALOIS QUAST AND OTHERS v. S. R. KNUTSON AND OTHERS.
INDEPENDENT SCHOOL DISTRICT NO. 424, APPELLANT.

150 N. W. (2d) 199.

April 14, 1967—No. 40,095.

*Edward J. Gavin, Sidney Feinberg,* and *Robins, Davis & Lyons,* for appellant.

*Richard D. Genty,* for respondents.

SHERAN, JUSTICE.

Appeal from a judgment of the district court.

On March 25, 1965, individuals purporting to act as the school

board of Common School District No. 988 located in McLeod County, Minnesota, convened in a private office at Glencoe, the county seat of the county, located about 20 miles from the territorial boundaries of the school district, and adopted a resolution that about one-third of the land in the common school district be consolidated with Independent School District No. 424, which maintains a secondary school at Lester Prairie, Minnesota. The resolution was presented to the county administrator of schools, and he prepared a consolidation plat incorporating the lands specified in the resolution. Upon approval of the plat by the state commissioner of education, an election was held June 12, 1965, on the issue of consolidation. Of the 24 ballots cast, 14 were in favor of consolidation. Upon approval by the school board of the independent school district, the county administrator issued an order of consolidation effective as of June 14, 1965. On appeal to the district court, this order was set aside. The appeal to this court is from the judgment which followed.

In our opinion the consolidation proceedings were fatally defective because the resolution by which the proceedings were initiated was not adopted at a public meeting as required by Minn. St. 471.705, which provides in part:

"Except as otherwise expressly provided by law, all meetings, including executive sessions, of the governing body of any school district however organized * * * shall be open to the public."

To meet this statutory requirement it is essential that such meetings be held in a public place located within the territorial confines of the school district involved. See, State ex rel. Spurney v. Rural High School Dist. No. 3, 169 Kan. 671, 220 P. (2d) 164; State v. Kessler, 136 Mo. App. 236, 117 S. W. 85; Crawford v. School Tp. of Beaver, 182 Iowa 1324, 166 N. W. 702; 56 C. J., Schools and School Districts, § 209; 78 C. J. S., Schools and School Districts, § 123a; 47 Am. Jur., Schools, § 43 and note 20; Annotation, 33 L. R. A. 85, 87; Town of Paradise Valley v. Acker, 100 Ariz. 62, 411 P. (2d) 168; City of Lexington v. Davis, 310 Ky. 751, 221 S. W. (2d) 659; Matter of Blum v. Board of Zoning & Appeals, 1 Misc. (2d) 668, 149 N. Y. S. (2d) 5.

Our determination in this regard is consistent with our holding in Lindahl v. Independent School Dist. No. 306, 270 Minn. 164, 133 N. W. (2d) 23.

If the resolution which initiated the consolidation proceedings had been approved by a majority of the voters of Common School District No. 988, it could be argued that the defect in the method by which the school board resolution was adopted should be disregarded. But this is not the case. Of the residents of the common school district, only those who resided in the area to be consolidated were allowed to vote at the June 12 election. The others were precluded from doing so as a result of the March 25 resolution because voters residing in the part of the school district outside the boundaries of the area proposed for consolidation were ineligible to participate in the election initiated by the resolution.

The fact that the consolidation proceedings might have been commenced by some method other than a proper resolution of the school board [1] cannot change the result when such other method was not attempted.

In our judgment the consolidation proceedings here involved cannot be confirmed in light of § 471.705, requiring that determinations of policy made by the governing bodies of school districts be accomplished at meetings open to the public. None of our prior decisions are directly in point. Decisions of this court considered in arriving at our decision include: Hamilton v. Village of Detroit, 85 Minn. 83, 88 N. W. 419; Schweigert v. Abbott, 122 Minn. 383, 142 N. W. 723; In re Order of Sammons, 242 Minn. 345, 65 N. W. (2d) 198; In re Certain School Dists., Freeborn County, 246 Minn. 96, 74 N. W. (2d) 410; State ex rel. Helling v. Independent School Dist. No. 160, 253 Minn. 271,

---

[1] Minn. St. 122.23, subd. 2, provides in part: "Upon a resolution of a school board in the area proposed for consolidation *or* upon receipt of a petition therefor executed by 25 percent of the voters resident in the area proposed for consolidation or by 50 such voters, whichever is lesser, the county superintendent * * * shall forthwith cause a plat to be prepared." (Italics supplied.)

92 N. W. (2d) 70; Ganske v. Independent School Dist. No. 84, 271 Minn. 531, 136 N. W. (2d) 405.

Affirmed.