**In the Matter of the Annexation of Territory to the City of Springfield, a Municipal Corporation.**
**Vincent Galassi, et al., Petitioners-Appellees, v. Charles Bedolli, et al., Respondents-Appellants.**

**Gen. No. 10,847.**

Fourth District.

July 10, 1967.

Brunsman, Beam and Crain, of Springfield (John B. Crain, of counsel), for appellants.

Richard R. Grummon, of Springfield, for appellee.

CRAVEN, P. J.

This case involves the validity of an order of the circuit court of Sangamon County allowing a petition for annexation of certain territory to the city of Springfield. Several errors are alleged to have intervened in the proceeding. We reach only the question of whether the property sought to be annexed was contiguous to the city.

In February of 1966, a petition for annexation was filed in the circuit court seeking to annex certain territory known as "Devereaux Heights" to the city of Springfield. This territory was composed of two adjacent subdivisions, Piper subdivision and Devereaux Heights subdivision, the latter adjoining Piper subdivision on the north, the two subdivisions being separated by a street that runs in an east-west direction. The street is platted as South Street.

Piper Road touches the Piper subdivision on its southeast corner and runs in a northeast and southwest direction. This road is 40 feet wide. Sangamon Avenue, at the point of its intersection with Piper Road, is the north boundary of the city of Springfield. From the city limits measured along this road from Sangamon Avenue to the south line of Piper subdivision is a distance of 2,640 feet. Piper Road was sought to be annexed but the territory west of Piper Road and north of Sangamon Avenue was not sought to be annexed and was not, at the time of this petition, within the city of Springfield. The only connection between the territory sought to be annexed and the existing boundary of the annexing municipality is the corridor 40 feet wide and 2,640 feet long.

The petition did not allege that the area sought to be annexed was contiguous to the city of Springfield. A plat was attached to the petition but the city limits were not indicated thereon.

Certain objections were filed to the petition. The objectors asserted that the territory described in the petition was not contiguous to the annexing municipality. Ultimately, however, by stipulation, the property of the objectors was excluded and an order of annexation was entered, as prayed in the petition, excluding the property of the objectors. This order was entered on March 2, 1966. On April 1, 1966, the appellants filed a post-trial motion seeking to vacate and set aside the order allowing the petition for annexation, asserting lack of contiguity among several grounds for relief.

After the filing of this post-trial motion, the petitioners sought to amend the order providing for annexation. This motion to amend sought to show that the territory north of Sangamon Avenue and south of the territory covered by the annexation order of March 2 had been annexed to the city of Springfield on July 12, 1966. The July 12 annexation would make the territory here involved contiguous. The trial court denied the post-trial motion, allowed the motion to amend the order for annexation and entered an amended order of annexation. This appeal is from that order.

■ Section 7–1–1 of chapter 24, Ill Rev Stats, 1965, provides: "Any territory which is not within the corporate limits of any municipality but which is contiguous to a municipality, may be annexed thereto as provided in this Article." Annexation procedures are set forth, and in section 7–1–4 of chapter 24, Ill Rev Stats, 1965, it is provided that if the court finds the property sought to be annexed is not contiguous to the annexing municipality, the petition shall be dismissed. On the facts of this case, the area sought to be annexed would be

contiguous only if the court should find that by the annexation of Piper Road a strip 40 feet wide and 2,640 feet long was sufficient for contiguity as that phrase is used in the statute. It clearly is not.

In People ex rel. Adamowski v. Village of Streamwood, 15 Ill2d 595, 155 NE2d 635 (1959), the Supreme Court defined "contiguous," for any reasonable interpretation of the statute relating to annexation, as adjacent to and parallel to the existing municipal limits and further observed that strip or corridor annexation has not been permitted either by the courts or the legislature. See also People ex rel. Village of Worth v. Ihde, 23 Ill2d 63, 177 NE2d 313 (1961); People ex rel. Coojar Realty Corp. v. Village of Burr Ridge, 81 Ill App2d 203, 225 NE2d 39 (2nd Dist 1967).

■ The territory sought to be annexed was not, at the time of the filing of the petition, contiguous to the annexing municipality. The intervening annexation of the territory between the municipality and the territory here involved is inoperative to satisfy the jurisdictional requirement of contiguity. Our inquiry must relate to ascertaining whether or not it was contiguous on February 9, 1966, for jurisdiction depends on the facts existing at the time of the commencement of the action. See People ex rel. Hoagland v. Streeper, 12 Ill2d 204, 145 NE2d 625 (1957); 20 Am Jur2d, Courts § 142; Goldman v. Moore, 35 Ill2d 450, 220 NE2d 466 (1966).

Other alleged defects need not be considered since, in our view, the order of the circuit court of Sangamon County must be and is reversed.

Judgment reversed.

SMITH and TRAPP, JJ., concur.