George PETERS, Plaintiff, Appellant,

v.

BOWMAN PUBLIC SCHOOL DISTRICT
# 1, a public corporation,
Defendant, Appellee.

Civ. No. 9123.

Supreme Court of North Dakota.

July 11, 1975.

Rehearing Denied July 30, 1975.

Daniel J. Chapman, Bismarck, for plaintiff, appellant.

T. L. Secrest, Hettinger, for defendant, appellee.

Gerald W. VandeWalle, First Asst. Atty. Gen., Bismarck, amicus curiae.

PEDERSON, Judge.

## CASE SUMMARY

This is an appeal by the plaintiff, George Peters, from a judgment granted by the district court of Bowman County on May 28, 1975, dismissing plaintiff's action for an injunction to restrain the defendant school district from denying Peters a teaching con-

tract for the school year 1975–1976, and from seeking to find a replacement for the position held by Peters as a teacher in the Bowman school. After a hearing on an order to show cause, this court entered an order temporarily enjoining and restraining the school district from hiring a replacement and set the matter for oral argument on the merits for July 7, 1975.

The judgment is reversed and the case remanded for appropriate action by the trial court.

## FACTS

George Peters has been a teacher-counselor at Bowman High School for twelve years. He was not offered a renewal contract for the 1975–1976 school year.

Portions of the official minutes of the school board pertinent to this case are as follows:

Minutes of the March 4, 1975, meeting state: "The Board then went into Executive Session for teacher evaluation."

Minutes of the March 18, 1975, meeting included the following item:

"Pladsen moved to contemplate a non-renewal contract for George Peters. Fischer seconded it. Voting were: Pladsen—aye; Tarpo—nay; Hinek—nay; Fischer—aye; and Stearns—aye. Motion carried."

Minutes of "a hearing for contemplated non-renewal of contracts" held on April 3, 1975, included the following:

"Mr. George Peters appeared before the Board and he also requested an open hearing. Hinek moved that this hearing be opened to the public and Tarpo seconded it. Voting were: Hinek—aye; Tarpo—aye; Pladsen—nay; Fischer—nay; and Stearns—nay. Motion defeated. The Board presented reasons why they considered the non-renewal of Mr. Peters' contract. After some discussion, the NDEA lawyers requested a continuance of this hearing. Request granted."

Minutes of "a hearing for contemplated non-renewal of contracts" held on April 7, 1975, contains the following entries:

"It was moved by Hinek and seconded by Tarpo that the contemplation of nonrenewing contracts for * * * Mr. Peters * * * be dropped. Voting were: Hinek—aye; Tarpo—aye; Pladsen—nay; Fischer—nay; and Stearns—nay. Motion defeated."

*   *   *   *   *   *

"Mr. Peters appeared before the Board for the continuance of his hearing. He then waived the right to any further hearing."

Minutes of the April 9, 1975, meeting contains the following entry:

"It was moved by Tarpo and seconded by Hinek that George Peters' contract be renewed. Voting were: Tarpo—aye; Fischer—nay; Hinek—aye; Pladsen—nay; and Stearns—nay. Motion defeated."

This action was instituted by Peters on April 23, 1975, and the school district answered, praying for dismissal. The parties stipulated that the case be heard at the May Term of court. The school district was temporarily enjoined from filling the position held by Peters, pending trial. Trial was held on May 21, 1975, and judgment was entered on May 28, 1975. Peters appealed and a special term was granted by this court to permit arguments on July 7, 1975.

The trial court made the following findings of fact:

### "I.

"That the plaintiff, George Peters, is a teacher in the defendant school district and has been such a teacher for the 1974–1975 school year.

### "II.

"That on March 18, 1975, the defendant school district voted and decided to con-

template the nonrenewal of plaintiff's teaching contract and sent him notice of such contemplated nonrenewal.

"III.

"That on April 3, 1975, the plaintiff, together with his attorney, appeared at the defendant school district meeting and the defendant school district explained and gave the plaintiff its reasons for the contemplated nonrenewal of his contract.

"IV.

"That on April 9, 1975, the defendant school district decided not to renew the plaintiff's contract by a majority vote."

And the following conclusions of law:

"I.

"That the Court has jurisdiction over all the parties and of the subject matter of this action.

"II.

"That the defendant school district's procedure in nonrenewing the plaintiff's teaching contract was valid under the law.

"III.

"That the complaint of the plaintiff be dismissed.

"IV.

"It is further ordered, that the injunction against defendant be continued for a period of 15 days from the date of this Order and if the North Dakota Supreme Court has not acted during this time, said injunction will automatically terminate."

At the end of the trial, the trial court made the following oral memorandum opinion:

"Well, in this case, as in the other two, the Court's function here is to determine whether the school board followed the law and the procedure as set out in the law in acting on Mr. George Peters' contract.

"I don't think there is any question that the meeting of March 4th, the latter portion of it where they went into executive session did violate the provisions of Section 44–04–19, under which all meetings of a school board must be open to the public. I think that the precedent that is cited by Mr. Chapman—*Quast v. Knudson*, a Minnesota case, [276 Minn. 340] 150 N.W.2d 199, is valid and any official action taken of the School Board would be void.

"Unfortunately, I wouldn't know what to void. There was nothing voted on. It was all done at a subsequent meeting on March 18th, if I have got the correct date, which was an open meeting and did comply with the law. It's my feeling that once there is an illegal meeting, it can't change every meeting thereafter. I feel that if any one of these motions had been presented at this March 4th meeting, it would certainly render it invalid and the nonrenewal contract would be illegal and he would be reinstated to his position. The official action was March 18th, which was a legal meeting.

"It is the finding of the Court that the school board did follow all of the provisions of Section 15–47–27 and the school board did follow all the provisions of 15–47–38, particularly subsection 5; and that the procedure in not renewing Mr. Peters' contract was valid.

"They did discuss with him the reasons for his nonrenewal and they related to the ability, competence and qualifications of a teacher as a teacher as required by the Supreme Court in the case of *Ming v. Wildrose School Board* [N.D.,] 217 N.W.2d 781.

"We have not gone into the validity or invalidity of these reasons. They may be trumped-up charges, or they may be just as valid as a man can say. We have no

way of knowing, nor do we go into that at a hearing of this kind. That is a discretionary matter left up to the school board. The school board members are elected officials. They must discharge their duties. They have to use their discretion in how they vote. The only ones they answer to is the voters. If they follow the law they don't have to answer to the Court any further than just following the proper procedure and doing things in a legal manner. I don't see anything that's been wrong here.

"It's the conclusion of the Court here that the action of the school board in not renewing the contract of George Peters is valid and the Complaint is dismissed."

(The remaining portions of the memorandum opinion do not relate to any issue before us.)

### ISSUES

Peters describes the issues as:

1. Does the failure of the school board to take action approving the giving of a letter of contemplated nonrenewal to a teacher at a valid meeting of the board vitiate the entire nonrenewal procedure?

2. Where the entire discussion concerning the evaluation of a teacher and the reasons for the contemplated nonrenewal is conducted at an invalid "executive session" of the school board but the actual decision to send the letter of nonrenewal is taken at a later open meeting of the board, is the sending of the letter of contemplated nonrenewal a valid action of the board?

### DECISION

#### I and II

The two issues stated by Peters are so interrelated we find it unnecessary to answer them separately.

■ Everyone concedes that the executive session conducted by the school district on March 4, 1975, for the purpose of teacher evaluation violated § 44–04–19, N.D.C.C. The trial court so held.

■ The minutes of the March 4 meeting, and the testimony at the trial, clearly indicate that an official board meeting was closed and that its purpose was "teacher evaluation." The superintendent and the principal made recommendations on rehiring and stated reasons.

The first official action taken upon these recommendations, without disclosure or discussion, occurred at the open meeting on March 18, 1975.

The trial court's ruling indicated that it could void action only when it is taken at an invalid board meeting. We do not agree.

Without implying that in every case action taken upon the basis of information learned outside of an official and legal board meeting is void, we find the action of the school district in this case a clear attempt to evade § 44–04–19, N.D.C.C.

When the official action of the school district is clearly the product of an illegal meeting, documented in the minutes, and not clearly denied in the testimony, such official action is invalid even though such official action is taken at an otherwise legal meeting.

The provisions of § 44–04–19, N.D.C.C. (requiring that all meetings of public or governmental bodies be open to the public, except as otherwise specifically provided by law) were violated by the school district and the action thereafter taken to not renew the contract of George Peters was void.

The district court, in denying the application for temporary injunction, abused its discretion.

The judgment is reversed and the case is remanded with instructions to the district court to direct the school district to reconsider the action whereby it determined not to renew its contract with George Peters.

■ If the school district, after reconsideration at an open meeting of the school board, redetermines that Peters should be

sent a notice of contemplated nonrenewal, appropriate notice and hearing should be afforded to him pursuant to § 15–47–38(5), N.D.C.C. Because the dates specified for procedures under §§ 15–47–27 and 15–47–38(5), N.D.C.C., cannot now be met, the district court should specify reasonable dates in lieu thereof.

Until such proceedings have been carried out, the school district is enjoined from employing a replacement for Peters.

Because a public question is involved, no costs are allowed on this appeal.

ERICKSTAD, C. J., and PAULSON, SAND and VOGEL, JJ., concur.