351 N.W.2d 435 (1984)
In the Matter of the ANNEXATION OF A PART OF SOLEN PUBLIC SCHOOL DISTRICT NO. 3 OF SIOUX AND MORTON COUNTIES TO FLASHER PUBLIC SCHOOL DISTRICT NO. 39 OF MORTON AND GRANT COUNTIES, STATE OF NORTH DAKOTA.
SOLEN PUBLIC SCHOOL DISTRICT NO. 3, Appellant,
v.
STATE BOARD OF PUBLIC SCHOOL EDUCATION, Appellee.
Civ. No. 10607.
Supreme Court of North Dakota.
June 28, 1984.
Dean F. Bard, Bismarck, for appellant.
Nancy K. Hoff, Asst. Atty. Gen., Bismarck, for appellee.
Kelsch, Kelsch, Bennett, Ruff & Austin, Bismarck, for Flasher Public School Dist. No. 39, amicus curiae; argued by Robert Bennett, Bismarck.
PEDERSON, Justice.
Solen has appealed from a district court judgment affirming State Board orders approving two petitions to annex parts of the Solen district to the Flasher district. We reverse.
Pursuant to Chapter 15-53.1, NDCC, several electors filed petitions for the attachment of territory located in the Solen district to the Flasher district. After proceedings were conducted at the county level, the State Board held hearings and issued orders approving the annexation petitions. Solen appealed to the district court, which affirmed the Board's orders.
While Solen has presented several issues for review, we deem one matter relating to the school districts' boundaries to be dispositive.
Section 15-53.1-06, NDCC, requires the Board to make specific findings with reference to every one of 15 factors to which testimony or documentary evidence was directed. One of those factors is Section 15-53.1-06(3)(d): "The size, geographical features, and boundaries of the districts; *436 ..." The Board made no findings on that factor. The Board conceded in its brief that "some testimony was submitted regarding the geographical features and boundaries of the land involved in the annexation petitions."
Thus, it is clear that the Board failed to make findings required by Section 15-53.1-06, NDCC. We will not, however, remand for the purpose of making findings, as counsel for the Board acknowledged at oral argument that making additional findings on this factor would not change the results.
Section 15-53.1-20(5), NDCC, provides, in pertinent part:
"No reorganization plan or annexation proceedings shall be approved by the county committee or state board unless it shall have logical boundaries following a uniform pattern without undue irregularities."[1]
The school district map reveals that although the parcels of land sought to be annexed to the Flasher district would be totally surrounded by parcels remaining in the Solen district they meet the "contiguous" requirement of Section 15-53.1-05, NDCC, in that they "are in actual contact at least to the extent of touching at a common corner."[2] The map also, however, graphically reveals that the school district *437 boundaries resulting from approval of the annexation petitions involved are not "logical boundaries following a uniform pattern without undue irregularities." Section 15-53.1-20(5), NDCC.
At the hearings before the Board, William Heisler, Morton County Superintendent of Schools, Dr. Larry Davis, Solen Superintendent, and Dean Bard, Counsel for Solen, all described the property sought to be annexed. Heisler said, "... To get all the people in, we had to make this screwy U shaped thing...." Davis testified that:
"... The area in yellow is the proposed annexation areas. As you can see, it is between a U and an almost full circle. To me it does not make a discernible pattern. It is a crazy patchwork quilt design without any discernible pattern...."
Bard said of the area:
"... the salamander-shaped area that is proposed to be taken out of here, I would ask you does that serve any function as far as geographical areas, size, features, and boundaries are concerned, and I would say that it does not...."
We are unable to improve on those descriptions of the area sought to be annexed, which clearly does not have "logical boundaries following a uniform pattern without undue irregularities." Section 15-53.1-20(5), NDCC. Cf., Edmore Public School District No. 2 v. State Board of Public School Education, 326 N.W.2d 81, 85 (N.D.1982). The Board therefore was without power under Section 15-53.1-20(5), NDCC, to approve the annexations. The Board's orders are "not in accordance with the law", Section 28-32-19(1), NDCC, and the judgment must be reversed.
Section 15-53.1-02, NDCC, which is a general statute dealing with the application of the four articles contained in Chapter 15-53.1, NDCC, is inapplicable. At first blush it would appear that Section 15-53.1-20, NDCC, which is contained in Article III, would not apply to the Article II annexations involved here. The last sentence in Section 15-53.1-20(5), NDCC, however, is a special provision dealing with the shape of boundaries resulting from reorganizations or annexations, and therefore prevails. Section 1-02-07, NDCC. See also, Garner Public School District No. 10 v. Golden Valley County Committee for Reorganization of School Districts, 334 N.W.2d 665, 669 (N.D.1983), where we noted that the processes of annexation, reorganization, and dissolution have not in reality been treated separately.
Judgment reversed.
ERICKSTAD, C.J., and GIERKE and SAND, JJ., concur.
VANDE WALLE, Justice, concurring specially.
The appeal in this matter was not, as Justice Pederson's opinion indicates at footnote No. 1, presented to the district court on the basis of Section 15-53.1-20(5), N.D. C.C., nor was that statute the basis of the appeal to this court. Nevertheless, it is obvious from the wording of the statute that it is applicable to the proceedings which are the subject of this appeal. The statute requires logical boundaries following a uniform pattern without undue irregularities. In this regard it is closely connected to Section 15-53.1-06(3)(d), which requires the county committee to consider evidence with respect to the size, geographical features, and boundaries of the district. Subsection 4 of the section requires the county committee to make specific findings relative to these factors. As Justice Pederson notes, there was evidence but no findings on these specific factors. Perhaps the proposed irregular boundaries caused the county committee to forego making any findings on the boundaries of the district.
I understand from the testimony that the reason for the irregular boundaries was to accommodate everyone's wishes, i.e., those persons who wished to have their land detached from Solen School District and attached to Flasher School District would be permitted to do so and those who wished to have their land remain in the Solen School District would be permitted to do so. The only additional requirement appears to *438 have been that the area detached from Solen and attached to Flasher be contiguous in accordance with Section 15-53.1-05. I would be less than candid if I did not admit that in my experience that portion of Section 15-53.1-20(5) which prohibits the county committees and the State Board from approving reorganization or annexation proposals that do not "have logical boundaries following a uniform pattern without undue irregularities" may have been observed more in the breach than in actual application. But "logical boundaries following a uniform pattern without undue irregularities" is far from a precise term of art and compliance may well depend upon what the persons involved want to accomplish in the annexation proceeding or in the reorganization plan. Thus in most instances I would yield to the discretion of the county committee and the State Board in these matters and not substitute my judgment for theirs concerning the boundaries. Nevertheless, it is apparent to me that this particular proposal is such an egregious infringement on the purpose of the statute that I agree we have no choice but to reverse the judgment.

ON PETITION FOR REHEARING.
PEDERSON, Justice.
On petition for rehearing, we are told by the State Board of Public School Education and by the Flasher Public School District No. 39 (Amicus Curiae) that the map at footnote 2 does not show the location of the property involved in the separate petition involving Breien petitioners and that the annexation of the Breien tract does not create an irregular boundary.
Rather than speculate further on a less than adequate record, we remand that part of this case involving the Breien petition to the State Board of Public School Education to permit any party to request a rehearing or a redetermination of the question of annexation of "Blocks 1, 2, 3 and 4 of Breien Townsite (a/k/a Parkin and Parkin 1st Addition; Lot A pt. SW¼, NW¼ of Section 36, 134 N, Range 82 W; All of Lot B (less lot 1) of Section 36, Township 134 N, Range 82 W)."
If after a 30-day notice by the Board to each petitioner and each participant and no request is received, the previous annexation order will be deemed to have been affirmed. The petition for rehearing is otherwise denied.
ERICKSTAD, C.J., and VANDE WALLE, SAND and GIERKE, JJ., concur.
NOTES
[1] It does not appear that this statute was brought to the attention of the court below.
[2] The shaded areas in the map below represent parcels of land within the Solen district sought to be annexed to the Flasher district by the two petitions.