In the Matter of the ANNEXATION OF a PART OF DONNYBROOK PUBLIC SCHOOL DISTRICT NO. 24 OF MOUNTRAIL AND WARD COUNTIES TO STANLEY PUBLIC SCHOOL DISTRICT NO. 2 OF MOUNTRAIL COUNTY, State of North Dakota.

Civ. Nos. 10774, 10775.

Supreme Court of North Dakota.

March 26, 1985.

Nancy K. Hoff, Asst. Atty. Gen., Bismarck, for appellant State Bd. of Public School Educ.

Freed, Dynes, Reichert & Buresh, Dickinson, for Donnybrook Public School Dist.; argued by George T. Dynes, Dickinson.

John S. Steinberger, Jr., Kenmare, for Goettle and Gandrud, amicus curiae. Appearance only.

GIERKE, Justice.

The State Board of Public School Education (the State Board) has appealed from district court judgments setting aside the State Board's approval of two petitions to annex land from Donnybrook Public School District No. 24 (Donnybrook) to Stanley Public School District No. 2 (Stanley). We reverse and remand.

By petition, Marlowe and Cathleen Gandrud, whose children have never attended school in Donnybrook, sought to have the following land located in Donnybrook annexed to Stanley:

"SE¼ of Section 8 of Township 157 North Range 88 West commonly known as Stave Township, Mountrail County."

By petition, James and Doris Goettle, who have had children attend school in Donnybrook, sought to have the following land located in Donnybrook annexed to Stanley:

"Lots 4, 5, 6, and 7 of Section 6 of Township 157 North Range 88 West commonly known as Stave Township; and Lots 1, 2, 3, and 4 of Section 7 of Township 157 North Range 88 West commonly known as Stave Township, Mountrail County."

All of the property sought to be annexed is located in Mountrail County. Part of Donnybrook is located in Ward County. Hearings on the petitions were conducted by the county committees for the reorganization of school districts of both Ward and Mountrail Counties on July 13, 1983. The Mountrail County Committee approved both petitions and the Ward County Committee disapproved both petitions.

The petitions were then submitted to the State Board. At a hearing held on August 16, 1983, the State Board remanded both petitions to the county committees with directions that they make specific written findings of fact. The county committees made findings of fact and the State Board held hearings on the petitions on October 17, 1983. The two petitions were heard separately, but the testimony in the first hearing was incorporated into the second hearing. The State Board approved both annexation petitions.

Donnybrook appealed the State Board's decisions to the district court. The district court remanded the Gandrud annexation to the State Board with directions (1) to consider "whether or not the proposed annexation will be consistent with the Comprehensive Program for the Reorganization of School Districts within Ward County"; (2) "that the matter be entirely reheard by the State committee" because of failure to comply with § 15–53.1–06, N.D.C.C.; (3) "that the State Committee rehear the entire matter and consider any evidence the parties may wish to submit on the subject" of the impact on Donnybrook; and (4) "that this petition first be remanded by the State Committee to the Mountrail County Committee for a rehearing on this petition at which time all requirements of the open meeting law should be complied with." The district court similarly remanded the Goettle annexation, but the court also determined that the Goettle property was not contiguous to Stanley and directed "that the State Committee dismiss the Goettle petition for annexation without any further hearings." The State Board appealed both judgments to this Court.

Several issues have been raised on appeal:

### I

Whether or not failure of a county committee to take a recorded roll call vote on an annexation petition requires the State Board to deny a petition and remand the matter to the county committee for rehearing.

### II

Whether or not the property sought to be annexed in the Goettle petition is contiguous to Stanley and whether or not annexation would result in logical boundaries.

### III

Whether or not the State Board was required to consider the effect of the annexation petitions on Donnybrook.

### IV

Whether or not the State Board was required to find that the petitions were in accordance with the Ward County reorganization plan in order to approve them.

### V

Whether or not the State Board complied with § 15–53.1–06(3), N.D.C.C.

### VI

Whether or not it is constitutionally permissible to allow some residents to select a school district by annexation when that privilege is denied residents in the interior of a school district.

## VII

Whether or not the district court considered the effect on the Goettle children of remaining in Donnybrook and the effect on the Gandrud children of being forced to begin attending Donnybrook.

Our review is governed by §§ 28–32–21 and 28–32–19, N.D.C.C. *Edmore Public School District No. 2 v. State Board of Public School Education*, 326 N.W.2d 81 (N.D.1982).

"In an appeal from a decision of an administrative agency, such as the State Committee, which has been appealed first to the district court and then to this court, we review the decision of the agency and look to the record compiled by the agency. *Application of Nebraska Public Power Dist.*, 330 N.W.2d 143, 146 (N.D.1983). Section 28–32–19, N.D.C.C., controls the scope of our review of an administrative agency determination. The factual basis of an administrative order is reviewed in a limited manner by considering the following questions: '(1) Are the findings of fact supported by a preponderance of the evidence? (2) Are the conclusions of law sustained by the findings of fact? (3) Is the agency decision supported by the conclusions of law?' *Asbridge v. North Dakota State Highway Com'r*, 291 N.W.2d 739, 743 (N.D.1980). In addition to reviewing the factual basis for an agency's decision, this court considers whether the decision violates constitutional rights or is not in accord with the law. *See* § 28–32–19, N.D.C.C. This court exercises restraint when reviewing agency findings; we do not substitute our judgment for that of the agency. *Asbridge, supra* 291 N.W.2d at 744." [Footnote omitted.]

*Garner Public School District No. 10 v. Golden Valley County Committee For Reorganization of School Districts*, 334 N.W.2d 665, 671 (N.D.1983).

"Ordinarily, determinations of an administrative body are presumed to be correct and valid. *In re Superior Service Company*, 94 N.W.2d 84, 88–89 (N.D.1959). Courts do not have jurisdiction to decide administrative questions. *Application of Northern States Power Company*, 171 N.W.2d 751, 755 (N.D. 1969).

"It is not the function of the judiciary to act as a super board, substituting its judgment for that of the administrator whose decision is being reviewed. See *Soo Line Railroad Company v. City of Wilton*, 172 N.W.2d 74 (N.D.1969), and *Appeal of Johnson*, 173 N.W.2d 475, 482 (N.D.1970)."

*Barnes County v. Garrison Diversion Conservancy District*, 312 N.W.2d 20, 25 (N.D.1981).

Section 28–32–19, N.D.C.C., which governs the scope of review of administrative agency decisions in both the district court and in this Court, provides:

"*28–32–19. Scope of and procedure on appeal from determination of administrative agency.* The court shall try and hear an appeal from the determination of an administrative agency without a jury and the evidence considered by the court shall be confined to the record filed with the court.... After such hearing, the court shall affirm the decision of the agency unless it shall find that any of the following are present:

1. The decision or determination is not in accordance with the law.

2. The decision is in violation of the constitutional rights of the appellant.

3. Provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions and decision of the agency are not supported by its findings of fact...."

## I

One of the reasons the district court remanded the State Board's decisions was the

failure of the Mountrail County Committee for the Reorganization of School Districts to conduct a roll call vote on the petitions and to have the roll call vote reflected in the minutes of the meeting, as required by § 44–04–21, N.D.C.C., which provides:

"*44–04–21. Open voting at public meetings required—Results recorded in minutes.* Unless otherwise specifically provided by law, all votes of whatever kind taken at any public meeting governed by the provisions of section 44–04–19 must be open, public votes, and all nonprocedural votes must be recorded roll call votes, with the votes of each member being made public at the open meeting. The minutes shall show the results of every vote taken at the meeting, and shall show the recorded vote of each member on every recorded roll call vote."

The purpose of the September 12, 1983, meeting at which no recorded roll call vote was taken was to adopt findings on factors set forth in § 15–53.1–06, N.D.C.C., as directed by the State Board. It was not to reach a decision or change a decision previously made. The county committee's decision to approve the annexation petitions was made at hearings held on July 13, 1983. The minutes of July 13, 1983, reflect who made and seconded the motions to approve the petitions and also reflect that the motions were passed unanimously, with Leonard Goettle abstaining from voting on the Goettle petition.

Relying on *Peters v. Bowman Public School District No. 1,* 231 N.W.2d 817 (N.D.1975) and *Danroth v. Mandaree Public School District No. 36,* 320 N.W.2d 780 (N.D.1982), Donnybrook asserts that a violation of § 44–04–21, N.D.C.C., by a county committee, like a violation of § 44–04–19, N.D.C.C., requires that "the entire procedure be repeated in complete compliance with open meeting principles" and that "the state board must insist on compliance by the county committees before the matter is deemed properly submitted."

■ Reliance on *Peters, supra,* and *Danroth, supra,* is misplaced. In *Peters,* *supra,* we fashioned a remedy in addition to the penalty provided by § 44–04–19, N.D.C.C., by declaring void any official action that was the product of an illegal meeting which was "a clear attempt to evade § 44–04–19, N.D.C.C." *Peters, supra,* 231 N.W.2d at 820. In *Danroth, supra,* we declined to change or extend the remedy adopted in *Peters.* We decline, under the circumstances of this case, to adopt invalidation of annexation proceedings as a remedy for violation of § 44–04–21, N.D.C.C., by a county committee.

The State Board's authority to act on annexation petitions is provided by Chapter 15–53.1, N.D.C.C., and the procedures the State Board is to follow in exercising its authority are provided by Chapter 28–32, N.D.C.C. Nothing in either of those chapters authorizes the State Board to adjudicate an alleged violation of § 44–04–21, N.D.C.C., or to create or impose a penalty or remedy for violations not provided by § 44–04–21, N.D.C.C. We conclude that failure of a county committee to take a recorded roll call vote on an annexation petition is not an adequate reason for the State Board to deny an annexation petition or to remand the matter to the county committee for rehearing.

■ Donnybrook asserts that even if the State Board had no authority to enforce § 44–04–21, N.D.C.C., the district court had such authority and it acted appropriately. We disagree. The district court's review of the State Board's decisions is limited by § 28–32–19, N.D.C.C. The district court is required to affirm an administrative agency decision unless one of the six items listed in § 28–32–19, N.D.C.C., is present. The fact that a recorded roll call vote may not have been taken by a county committee in making findings or in approving an annexation petition does not render a State Board decision approving the annexation one that "is not in accordance with the law" or otherwise constitute a ground for overturning the State Board's decision under § 28–32–19, N.D.C.C.

## II

The district court determined that the land sought to be annexed to Stanley by the Goettle petition is not contiguous to Stanley and that the annexation would create illogical boundaries. The court remanded the matter to the State Board with directions to "dismiss the Goettle petition for annexation without any further hearings." We conclude that the district court erred.

Section 15–53.1–05, N.D.C.C., provides:

> "*15–53.1–05. Attachment of contiguous territory to school district—Petition.* Territory contiguous to a public school district ... may be attached to such district by the county committee.... As used in the words 'territory contiguous' in this section, the word ... 'contiguous' shall mean any two or more tracts which are in actual contact at least to the extent of touching at a common corner."

█ The tract of land proposed to be annexed to Stanley by the Goettle petition consists of 320 acres comprised of eight lots, together covering an area two miles long and one-quarter mile wide. Where the tract sought to be annexed touches the existing Stanley boundary, the two tracts are "in actual contact" not only "to the extent of touching at a common corner", which is all that our Legislature has required in § 15–53.1–05, N.D.C.C., but for a distance of one-quarter of a mile as well. The property sought to be annexed is clearly contiguous to Stanley.

Donnybrook relies on several decisions invalidating municipal annexations of narrow strips of land to support its position that the property sought to be annexed in the Goettle petition is not contiguous to Stanley: *In re City of Springfield*, 85 Ill. App.2d 191, 228 N.E.2d 755 (1967) (annexed property would be contiguous only by annexation of a road 40 feet wide and 2,640 feet long); *State v. Village of Mound*, 234 Minn. 531, 48 N.W.2d 855 (1951) (the annexed area was connected to the village only by an "elongated stem or isthmus" occupied as a railroad right of way, which

was not "usable territory"); *Potvin v. Village of Chubbuck*, 76 Idaho 453, 284 P.2d 414 (1955) (the area to be annexed was connected to the village only by a strip "about three miles long and five feet wide, mostly within a public highway"); *Clark v. Holt*, 218 Ark. 504, 237 S.W.2d 483 (1951) (the nearest point was "3060 feet except for the intervening 50-foot strip); and *Ridings v. City of Owensboro*, 383 S.W.2d 510 (Ky.1964) (three tracts located 2,200 feet, 3,600 feet, and 10,000 feet from the city were connected to the city only by highways not "shown to be of any municipal value or to serve any municipal purpose"). The facts presented in the foregoing cases are so clearly distinguishable from the facts involved in the Goettle petition that we believe further discussion of those cases is unnecessary.

Donnybrook also relies on our recent decision in *In re Annexation of a Part of Solen Public School District No. 3*, 351 N.W.2d 435 (N.D.1984), in which we reversed annexation orders resulting in boundaries that were "not 'logical boundaries following a uniform pattern without undue irregularities.' Section 15–53.1–20(5), NDCC." *Id.* at 437. The property sought to be annexed in that case was described as " 'this screwy U shaped thing ... between a U and an almost full circle ... a crazy patchwork quilt design without any discernible pattern ... the salamander-shaped area....' " *Id.* at 437. Justice VandeWalle, concurring specially, stated that "this particular proposal is such an egregious infringement on the purpose of the statute that I agree we have no choice but to reverse the judgment." *Id.* at 438.

█ Our decision in *Solen, supra*, is inapposite in applying the requirements of § 15–53.1–20(5), N.D.C.C., to the Goettle petition. Unlike the oddly-shaped area involved in *Solen, supra*, the land sought to be annexed by the Goettle petition is a rectangular tract of land which, on its narrowest side, is contiguous to Stanley and abuts upon the existing Stanley boundary for a distance of one-quarter of a mile. The Goettle petition does not constitute an

egregious infringement of the kind presented in *Solen, supra.*

We stated in *Edmore Public Sch. Dist. No. 2 v. State Board of Pub. Sch. Educ.,* 326 N.W.2d 81, 85 (N.D.1982):

"Edmore contended that the annexation did not result in logical boundaries as required by NDCC § 15–53.1–20(5). In reviewing the map provided by the State Board, we can readily observe that the boundaries resulting from the annexation are no more illogical than the boundaries between the counties. No evidence was introduced or presented to establish in what manner or by what standard the boundaries are illogical. We do not substitute our judgment for that of the Board. *Power Fuels, Inc. v. Elkin,* 283 N.W.2d 214 (N.D.1979). Neither are we persuaded that the contention of Edmore in this respect has merit."

In reviewing the school district maps contained in the appendix presented to us, we can readily observe that the boundaries resulting from the Goettle annexation are no more illogical than the existing boundaries of Stanley or of Palermo School District No. 83, which abuts Kenmare School District No. 28 to the North and is surrounded on the other three sides by Stanley (with the land in the Goettle petition), whose boundaries at one point nearly sever the Palermo district. We are not persuaded that Donnybrook's contention that the boundaries resulting from approval of the Goettle petition for annexation fail to comply with the logical boundaries requirement imposed by § 15–53.1–20(5), N.D.C.C., has merit.

 Donnybrook has also raised a constitutional objection to the Goettle annexation. It asserts that approval of the Goettle petition would deny Donnybrook and the owners of two of the unoccupied lots sought to be annexed their property without due process of law. Donnybrook has not shown any property interests that annexation would deny. Inhabitants of a school district have no property rights in the boundaries thereof. *In re Township*

*143 North, Range 55 West, Cass County,* 183 N.W.2d 520 (N.D.1971); *Public School District No. 35 v. Cass County Bd. of Com'rs,* 123 N.W.2d 37 (N.D.1963); *Anderson v. Peterson,* 78 N.D. 949, 54 N.W.2d 542 (1952). Donnybrook has not provided us with any citations to authority or supportive reasoning. The argument is therefore without merit. Further, we are not persuaded by the argument and conclude that it is without merit.

### III

The district court determined that the annexations must be remanded because the State Board "failed to consider the impact of this annexation on Donnybrook." Initially, we note that there are no provisions in Chapter 15–53.1, N.D.C.C., specifically requiring the State Board to consider the impact upon a school district from which land is sought to be detached. Further, it is not apparent from the record that the State Board failed to consider the impact on Donnybrook.

 Donnybrook asserts that under § 15–53.1–06(3)(k), N.D.C.C., "educational needs of local communities in the involved districts" is a factor that may be considered. Donnybrook has not, however, demonstrated how further consideration of this point would warrant a different result. There was very little testimony related to any adverse impact on Donnybrook. The only testimony by annexation opponents on this subject was to the effect that Donnybrook could not afford to lose the petitioners' children because if it did and later lost some more, soon there would not be a school in Donnybrook and if it ever closed there would be some very long bus rides. It is undisputed that Donnybrook plans to continue operating a school. The record does not demonstrate that further consideration of this factor would warrant a different result. The evidence on adverse impact upon Donnybrook is insufficient to preclude approval of the annexations on that ground. The testimony and documentary evidence directed toward conditions affecting the welfare of the petitioners' children

[§ 15–53.1–06(3)(i), N.D.C.C.] and their educational needs [§ 15–53.1–06(3)(k), N.D.C.C.] is sufficient to support the State Board's determinations.

## IV

The Mountrail County Committee voted to approve the annexations and the Ward County Committee voted to disapprove the annexations. The district court determined that the State Board failed to consider whether or not the proposed annexations would be "consistent with the Comprehensive Program for the Reorganization of School Districts within Ward County, and such failure constitutes a fatal defect." We disagree.

The Ward County Plan for the Reorganization of School Districts was presented to the State Board in an exhibit. In relevant part, it provides:

"The school district boundary lines as existing on this date, October 16, 1978, shall be considered as the Ward County Plan for School district reorganization, subject to possible change in accordance with statute."

When asked if he felt that the Gandrud petition complied with the Ward County plan, the Ward County superintendent of schools testified: "I'd say that it would be in conformity with past policies." Thus, although the State Board only made findings that the petitions complied with the Mountrail County Comprehensive Program for the Reorganization of School Districts, it is evident that the State Board also considered the Ward County plan.

We do not agree with the proposition that an annexation involving land in school districts located in two counties must be consistent with both counties' comprehensive programs for the reorganization of school districts. In *McKenzie County Sch. Dist. No. 1 v. State Board of Pub. Sch. Educ.*, 311 N.W.2d 167 (N.D.1981), we reversed a district court judgment approving an annexation because of failure to comply with § 15–53.1–29, N.D.C.C. In that case, the State Board made no determination that the annexation constituted an accepta-

ble part of any comprehensive program. In *Edmore Public Sch. Dist. No. 2 v. State Board of Pub. Sch. Educ.*, 326 N.W.2d 81 (N.D.1982), we affirmed two annexations in which one county committee approved and one county committee disapproved both annexations.

Section 15–53.1–29, N.D.C.C., provides that proposals for the alteration of the boundaries of school districts may be approved if

"they constitute an acceptable part of a comprehensive program for the reorganization of the school districts of the county."

The State Board found that the annexation proposals complied with the Mountrail County comprehensive program and the requirement of § 15–53.1–29, N.D.C.C., was, therefore, met.

Section 15–53.1–06(7), N.D.C.C., provides:

"If the school districts involved in the proposed annexation are situated in more than one county, the county committee of the county encompassing the major portion of each school district shall consider and jointly effect the annexation if a majority of the members of each of such county committees approves the annexation. In the event that the annexation is approved by a majority of the members of one of the two county committees, the county superintendent of the county in which the annexing district is located shall submit the annexation to the state board for approval or disapproval, and in such instance approval of the annexation shall have the same effect as approval by all county committees."

Thus, disapproval of an annexation petition by one of two or more county committees cannot prevent annexation, for approval by one county committee results in submission of the matter to the State Board and State Board approval has the same effect as approval by all county committees. Neither can one county committee's comprehensive program for the reorganization of school districts preclude approval of an annexation petition that complies with another

county committee's program when the school districts involved are situated in more than one county. The statutes do not provide one county committee in a multi-county proceeding with the power, by itself, to prevent an annexation. All of the counties' programs must be considered, but failure of an annexation petition to be in accord with one of them is not controlling, as long as it is in accord with another.

▇ To be effective, an annexation petition involving school districts situated in more than one county need only constitute an acceptable part of a comprehensive program adopted by one of the county committees, secure the approval of one of the county committees and the State Board, and, if an appeal is lodged pursuant to Chapter 28–32, N.D.C.C., withstand judicial review within the limited scope of review provided in § 28–32–19, N.D.C.C.

## V

Subsections 3, 4, and 5 of § 15–53.1–06, N.D.C.C., provide in pertinent part:

"3. At such hearing the county committee shall consider testimony and documentary evidence with respect to any of the following factors:

\* \* \* \* \* \*

e. The number of pupils attending school and the population of the districts;

f. The location and condition of the districts' school buildings and their accessibility to affected pupils;

g. The location and condition of roads, highways, and natural barriers within the respective districts;

h. The school centers where children residing in the districts attend high school;

\* \* \* \* \* \*

k. The educational needs of local communities in the involved districts;

\* \* \* \* \* \*

m. Projected future use of existing satisfactory school buildings, sites, and playfields in the involved districts;

\* \* \* \* \* \*

"4. Following the county committee's consideration ... the county committee shall make specific findings with reference to every one of those factors to which testimony or documentary evidence was directed.

"5. All proposed annexations must be given final approval by the state board following a hearing conducted by the board at which testimony and documentary evidence shall be considered with respect to any of the factors listed in subsection 3. The state board shall make specific findings with reference to every one of those factors to which testimony or documentary evidence was directed."

Because the State Board did not make findings on factors e, f, g, h, k, and m of subsection 3, the district court determined that the State Board did not comply with § 15–53.1–06, N.D.C.C.

▇ The first sentence of § 15–53.1–06(3), N.D.C.C., provides that the county committee "shall consider testimony and documentary evidence with respect to *any* of the following factors" (emphasis added). Subsection 4 requires the county committee to make findings on every factor to which testimony or evidence was directed. Subsection 5 places the same duties upon the State Board. Testimony and evidence may be directed to *any* of the factors. There need not be testimony or evidence directed to *all* of the factors, and findings must be made only on factors to which testimony or evidence was directed.

▇ A petitioner for annexation has the burden of introducing evidence on as many factors as are necessary to establish a prima facie case for approval of his petition. A petitioner who does not introduce evidence on some factors runs the risk that the petition will not be approved.

▇ Opponents of a petition for annexation, on the other hand, have a burden to

introduce evidence to overcome any prima facie case for approval established by the petitioner. Opponents who do not introduce evidence on some factors run the risk that the petition will be approved.

■■■ As to several of the factors about which it is complained that no findings were made, there was no evidence or the facts were not disputed. No productive purpose would be served by remanding these petitions to the State Board for the purpose of making additional findings on matters about which there is no dispute. We discern no possibility that the making of additional findings would change the results of the State Board's actions on these petitions. It is enough that the findings made by the State Board are supported by a preponderance of the evidence and that they support its conclusions and decisions.

Although more complete findings by the State Board would have aided in the process of judicial review by making it easier to determine whether or not the Board's conclusions and decisions were supported by its findings, we conclude that the findings were adequate.

## VI

■■■ Donnybrook asserts:

"that by granting those near the edge of a school district the right to choose where they want to go, the law is being applied in a discriminatory and unconstitutional manner. It permits those near the edge to do something that the rest of the citizens in the district are not permitted to consider and, therefore, violates the equal protection clause of both the United States and North Dakota Constitutions."

Donnybrook, however, has not provided us with any citations to authority or any supportive reasoning. The argument is, therefore, without merit. Further, we are not persuaded by the argument and conclude that it is without merit. As we said in *Southern Valley Grain Dealers Ass'n v. Board of County Com'rs of Richland County*, 257 N.W.2d 425, 434 (N.D.1977):

"One who attacks a statute on constitutional grounds, defended as that statute is by a strong presumption of constitutionality, should bring up his heavy artillery or forego the attack entirely."

■■■ With regard to allowing some parents to choose a school district by annexation, Donnybrook also asserts that school curricula and parental choice are not matters that can be considered in annexation cases. We disagree. Section 15–53.1–06(3)(*o* ), N.D.C.C., providing for consideration of "other relevant factors", is sufficiently broad to encompass those matters.

## VII

We deem it unnecessary to address the argument of amicus curiae that the district court erred in not considering the effect on the Goettle children of remaining in Donnybrook or the effect on the Gandrud children of being forced to begin attending Donnybrook.

For the reasons stated, the judgments of the district court are reversed and the cases are remanded to the district court with directions to enter judgments affirming the decisions of the State Board.

ERICKSTAD, C.J., VANDE WALLE, J., and SCHNEIDER and BACKES, District Judges, concur.

SCHNEIDER, District Judge, sitting in place of PEDERSON, J., disqualified.

BACKES, District Judge, participated.